**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUL 12 2023

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT D. ABRAHAMS, Jr.,

        Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

        Defendant-Appellee.

No.    22-35409

D.C. No. 1:20-cv-00158-TJC

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted July 10, 2023**
Seattle, Washington

Before:  GRABER, GOULD, and FRIEDLAND, Circuit Judges.

Robert D. Abrahams, Jr. appeals the district court's order affirming the

Administrative Law Judge's ("ALJ") denial of Social Security disability benefits.

We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district

---

    \*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's order. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We may set aside the denial of benefits only if the ALJ's decision "contains legal error or is not supported by substantial evidence." *Id.* (quoting *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)).

1. The ALJ did not err in his evaluation of Abrahams's residual functional capacity ("RFC") when he failed to discuss the number of medical appointments that Abrahams attended between 2017 and 2019. Abrahams identifies no legal authority requiring the ALJ's RFC analysis to refer specifically to the number of appointments Abrahams attended, and the record reflects that the ALJ properly considered the relevant evidence in determining whether Abrahams was disabled. Moreover, Abrahams points to no evidence that the frequency, time, or length of his medical appointments—even assuming that they were medically necessary— would have prevented him from working on a regular and continuing basis. For example, Abrahams fails to point to any evidence of a lack of availability of non-traditional work shifts, such as late shifts, that would have allowed him to attend daytime medical appointments on weekdays, or any evidence that his doctors did not offer evening or weekend appointments. The ALJ had no duty to help Abrahams develop such evidence. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (explaining that an "ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow

2

for proper evaluation of the evidence" (citation and internal quotation marks omitted)).

2. Abrahams's remaining arguments are forfeited, so we do not address them. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that we "review only issues which are argued specifically and distinctly in [an] opening brief" and that a "bare assertion of an issue" is insufficient to preserve it (citations and internal quotation marks omitted)).

**AFFIRMED.**